DONALDSON, Judge,
concurring in part and dissenting in part in the rationale and concurring in the result.
I concur in the main opinion except for the holding that the trial court had jurisdiction to enter the fourth income-withholding order (“IWO”) after the notice of appeal was filed. The subject matter of this appeal is that portion of the June 3, 2013, judgment instructing the mother’s attorney to submit a proposed IWO to the trial court that would not include any amount to be withheld for payment toward the father’s arrearage. We have determined that the June 3 judgment was sufficiently final to support an appeal. Following the filing of the notice of appeal, the trial court lost jurisdiction over any matter that was not “collateral” to the issue raised in the appeal. I do not view the entry of the fourth IWO as being collateral to the June 3 judgment. Instead, I view it as being a continuation of the exercise of jurisdiction over the subject matter raised in the appeal. I note that, unless otherwise stayed pursuant to Rule 8, Ala. R.App. P., or Rule 62, Ala. R. Civ. P., a judgment may be collected through execu *994 tion, e.g., by the issuance of an IWO, even though the judgment is the subject matter of an appeal. But here, perhaps atypically, the method of collection is the subject matter of the appeal. Therefore, the matter cannot be said to be collateral, and, in my opinion, the trial court did not have jurisdiction to enter the fourth IWO.